R. David Hosp
ORRICK, HERRINGTON & SUTCLIFFE, LLP
222 Berkeley St. Ste 2000
Boston, MA  02116
Telephone: (617) 880-1886
Facsimile: (617) 880-1801
Email: dhosp@orrick.com

Paige Pavone
ORRICK, HERRINGTON & SUTCLIFFE, LLP
51 West 52nd Street
New York, NY  10019
Telephone: (212) 506-3604
Facsimile: (212) 506-5151
Email: ppavone@orrick.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

| | |
|---|---|
| FRANKLIN GOMEZ CARRANZA and RUBEN TORRES JAUREGUI,<br><br>    Plaintiffs,<br><br>    v.<br><br>UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, et al.,<br><br>Defendants. | Case No. 20-CV-424<br><br><br>**BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS COUNSEL** |

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ................................................................................................ 1

II.    BACKGROUND ................................................................................................. 2

    A.   Defendants' Policies and Practices Severely Restrict Plaintiffs' Access to
Counsel and Ability to Gather Evidence ............................................................ 2

    B.   Plaintiffs Suffer Prejudice, Injury, and Prolonged Detention as a Result of
Defendants' Unconstitutional Telephone Policies and Practices.......................... 2

    C.   The Named Plaintiffs ........................................................................................ 3

III.   ARGUMENT ..................................................................................................... 3

    A.   The Proposed Class Satisfies the Requirements of Rule 23(a) ............................ 4

        1.   The Proposed Class is So Numerous That Joinder Is Impracticable ........ 4

        2.   Questions of Law and Fact are Common to All Members of the
Proposed Class .......................................................................................... 5

        3.   The Named Plaintiffs' Claims are Typical of the Proposed Class
They Seek to Represent .............................................................................. 6

        4.   Plaintiffs and Their Counsel Will Fairly and Adequately Protect
the Interests of the Class ........................................................................... 7

    B.   The Proposed Class Satisfies the Requirements of Rule 23(b)(2) ...................... 8

    C.   The Court Should Designate Plaintiffs' Counsel as Class Counsel Pursuant
to Rule 23(g)(1)............................................................................................... 9

IV.   CONCLUSION................................................................................................... 10

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Access Now, Inc. v. PHC-Las Cruces, Inc.*,
  Civ. No. 09-1156 JCH/LAM, 2012 WL 13081445 (D.N.M. Feb. 10, 2012) ..................... 8, 9

*Anderson Living Trust v. WPX Energy Prod., LLC*,
  306 F.R.D. 312 (D.N.M. 2015) ................................................................................................ 4

*Colo. Cross Disability Coal. v. Abercrombie & Fitch Co.*,
  765 F.3d 1205 (10th Cir. 2014) .............................................................................................. 6

*Daye v. Cmty. Fin. Serv. Ctrs.*,
  LLC, 313 F.R.D. 147 (D.N.M 2016) ...................................................................................... 7

*DG ex rel. Stricklin v. Devaughn*,
  594 F.3d 1188 (10th Cir. 2010) .............................................................................................. 8

*Gianzero v. Wal-Mart Stores Inc.*,
  No. CIV 09-00656 REB/BNB, 2010 WL 1258071 (D. Colo. Mar. 29, 2010)
  (Blackburn, J.)........................................................................................................................... 6

*Gonzales v. City of Albuquerque*,
  No. CIV 09–0520 JB/RLP, 2010 WL 4053947, (D.N.M. Aug. 21, 2010) ............................ 4

*In re Intelcom Grp. Sec. Litig.*,
  169 F.R.D. 142 (D. Colo. 1996) (Daniel, J.)........................................................................... 5

*Lopez v. City of Santa Fe*,
  206 F.R.D. 285 (D.N.M. 2002) ............................................................................................... 7

*Menocal v. GEO Grp., Inc.*,
  882 F.3d 905 (10th Cir. 2018) ................................................................................................ 6

*Mullen v. Treasure Chest Casino, LLC*,
  186 F.3d 620 (5th Cir. 1999) .................................................................................................. 4

*Payne v. Tri-State CareFlight, LLC*,
  332 F.R.D. 611 (D.N.M. 2019)........................................................................................ 4, 5, 6

*Rex v. Owens*,
  585 F.2d 432 (10th Cir. 1978) ................................................................................................ 4

*Rutter & Wilbanks Corp. v. Shell Oil Co.*,
  314 F.3d 1180 (10th Cir.2002) ............................................................................................... 7

*Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*,
   599 U.S. 393 (2010) ........................................................................... 3

*Shook v. Board of Cty. Comm'rs*,
   543 F.3d 597 (10th Cir. 2008) ........................................................... 8

*Wal-Mart v. Dukes*,
   564 U.S. 338 (2011) ........................................................................... 5

**Statutes**

8 U.S.C. § 1158 ........................................................................................ 3

Fed. R. Civ. P. 23 .................................................................................... 3

Fed. R. Civ. P. 23(a) ..................................................................... 3, 4, 7, 8

Fed. R. Civ. P. 23(a)(1) ........................................................................... 4

Fed. R. Civ. P. 23(a)(2) ........................................................................... 5

Fed. R. Civ. P. 23(a)(3) ........................................................................... 6

Fed. R. Civ. P. 23(a)(4) ........................................................................... 7

Fed. R. Civ. P. 23(b)(1) ........................................................................... 8

Fed. R. Civ. P. 23(b)(2) ................................................................... 4, 8, 9

Fed. R. Civ. P. 23(b)(3) ........................................................................... 8

Fed. R. Civ. P. 23(g)(1) ........................................................................... 9

Fed. R. Civ. P. 65(d) ......................................................................... 8, 9

## I.      INTRODUCTION

Individuals detained in the Otero County Detention Processing Center ("Otero") and the El Paso Service Processing Center ("El Paso") must access free, confidential legal calls in order to speak to their attorneys and to be able to effectuate their constitutional, statutory, and regulatory rights in their immigration proceedings.  This case challenges the federal government's systematic denial of such access.

Proposed class members ("Plaintiffs") are individuals who are or will be detained in the custody of Immigration and Customs Enforcement ("ICE") at El Paso and Otero.  ICE controls the terms and conditions of Plaintiffs' detention and their access to telephones.  As set forth in the Complaint, ICE has unreasonably and unconstitutionally deprived Plaintiffs of their access to communicate with the outside world telephonically, including with their counsel or prospective counsel.  Because of ICE's conduct and policies, Plaintiffs are unable to obtain or communicate with counsel and gather evidence for the defense of their immigration cases – which for class members is their only safeguard against the persecution they will suffer if involuntarily deported to their country of origin.  Plaintiffs cannot individually challenge ICE's systematic denial of telephone access, making this matter ideal for prosecution as a class action.

The core legal question – whether Defendants' denial and restriction of telephone access to detained individuals in Otero and El Paso violate Plaintiffs' constitutional, statutory, and regulatory rights to access counsel – is common to the entire class.  The unconstitutional restrictions on telephone access imposed by ICE are substantially similar in Otero and El Paso.  Critically, Franklin Gomez Carranza and Ruben Torres Jauregui (the "Named Plaintiffs") may not remain in ICE custody long enough to prosecute individual claims to a conclusion.  Certification of a class consisting of all current and future detained individuals in El Paso and Otero thus provides the only viable means to adjudicate the underlying claims.

## II.     BACKGROUND[1]

### A.     Defendants' Policies and Practices Severely Restrict Plaintiffs' Access to Counsel and Ability to Gather Evidence

Plaintiffs cannot receive incoming telephone calls or voicemail messages in either El Paso or Otero.  To make an outgoing call, Plaintiffs – including indigent Plaintiffs – must either: (1) dial out from the housing unit phones, incurring the sometimes exorbitant cost of the call and compromising privacy and confidentiality; or (2) rely on an ad hoc policy that certain ICE officials may allow Plaintiffs to make a free call from a detention officer office phone or personal cell phone, again compromising privacy and confidentiality, not to mention leaving this process up to each individual ICE agent.  *See* Declaration of Franklin Gomez Carranza ¶¶ 8, 12, 13, 16 ("Gomez Carranza Decl."); Declaration of Ruben Torres Jauregui ¶¶ 4, 5 ("Torres Jauregui Decl."); *see also* Declaration of David Jackson ¶¶ 5, 9 ("Jackson Decl.").  Even when Plaintiffs manage to make outgoing calls, the calls are not private or confidential, suffer from interfering background noise and poor sound quality, and spontaneously disconnect and/or are subject to time limits.  *See* Gomez Carranza Decl. ¶ 16; Torres Jauregui Decl. ¶ 6; *see also* Jackson Decl. ¶ 9.  In Otero, no legal intake calls are permitted at all, and as a result, many individuals go without attorney representation that they would otherwise be entitled to.  *See* Jackson Decl. ¶ 10.

### B.     Plaintiffs Suffer Prejudice, Injury, and Prolonged Detention as a Result of Defendants' Unconstitutional Telephone Policies and Practices.

By denying and severely restricting telephone access, Defendants' policies and practices severely and unconstitutionally deprive Plaintiffs and members of the proposed class from seeking release from immigration custody or relief from deportation under the immigration laws in a number of ways.  *See* Gomez Carranza Decl. ¶¶ 17, 18.  First, Defendants' policies and practices make it extremely difficult, if not impossible, to secure private counsel from within El

---

[1] For a full account of the facts and allegations in this case, please see the Complaint, Dkt. Entry No. 1.

Paso and Otero.  *See* Jackson Decl. ¶ 10.  Otero, for example, effectively forbids any free, confidential legal intake calls by requiring attorneys to present evidence of an attorney-client relationship.  This, in essence, would require attorneys conducting legal intakes to enter into an attorney-client relationship with the detained individual before the call.  *See id.*  Second, even when detained individuals secure counsel, Defendants' policies and practices undercut the effectiveness of the representation by restricting the length of phone calls and not providing confidentiality or privacy.  *See* Gomez Carranza Decl. ¶¶ 8, 13, 16, 17, 18, 19; Torres Jauregui Decl. ¶ 6.  Third, by being unable to have full-length, free, confidential legal calls to prepare a defense, attorneys routinely must seek continuances to adequately prepare for forthcoming hearings, resulting in unnecessarily prolonged detention, which also impairs the ability of Plaintiffs to present their legal claims effectively and timely.  *See* Gomez Carranza Decl. ¶ 17.

### C.   The Named Plaintiffs

Plaintiff Franklin Gomez Carranza is in ICE custody at Otero and previously was held in ICE custody at El Paso.  Gomez Carranza Decl. ¶¶ 3, 4.  He is seeking asylum under 8 U.S.C. § 1158 for fear of persecution for his sexuality in his home country of Honduras.  *Id.* ¶¶ 5, 19.  Plaintiff Ruben Torres Jauregui is in ICE custody at Otero.  Torres Jauregui Decl. ¶ 3.  He is seeking asylum under 8 U.S.C. § 1158 for fear of persecution for protesting corruption in the Cuban government.  Defendants' restrictions on telephone access in Otero and El Paso have harmed Plaintiff Gomez Carranza and Plaintiff Torres Jauregui by, *inter alia*, interfering with their ability to access counsel, preventing them from preparing for their immigration court hearings, and necessitating motions to continue those hearings, thus prolonging their detention in ICE custody.  *See* Gomez Carranza Decl. ¶¶ 8, 13, 16, 17, 18, 19; Torres Jauregui Decl. ¶¶ 4, 5.

### III.   ARGUMENT

Federal Rule of Civil Procedure 23 governs class actions in federal court, and a plaintiff whose suit meets the requirements of that Rule has a "categorical" right "to pursue his claim as a class action."  *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 599 U.S. 393, 398 (2010).  To meet these requirements, the "suit must satisfy the criteria set forth in subdivision (a)

1    (i.e., numerosity, commonality, typicality, and adequacy of representation), and it also must fit

2    into one of the three categories described in subdivision (b)."  *Id.* (citing Rule 23).

3            Plaintiffs seek to represent a class of:  "All current and future adults who are or will be

4    detained in immigration custody at the El Paso Service Processing Center and the Otero

5    Processing Center."  This class easily meets all of Rule 23's requirements.  First, the proposed

6    class satisfies all of the requirements of Rule 23(a):  numerosity, commonality, typicality, and

7    adequacy of representation.  Second, the action is maintainable under Rule 23(b)(2), which

8    allows class actions for declaratory or injunctive relief where "the party opposing the class has

9    acted or refused to act on grounds that apply generally to the class, so that final injunctive relief

10   or corresponding declaratory relief is appropriate respecting the class as a whole[.]"  Fed. R. Civ.

11   P. 23(b)(2).  Declaratory and injunctive relief is appropriate to the proposed class.  *Id.*

12   **A.     The Proposed Class Satisfies the Requirements of Rule 23(a)**.

13        1.     **The Proposed Class is So Numerous That Joinder Is Impracticable**.

14           Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is

15   impracticable."  Fed. R. Civ. P. 23(a)(1).  In the Tenth Circuit, there is "no set formula" to

16   determine whether the numerosity requirement is met, rather it is a "fact-specific inquiry best left

17   to the district court's discretion."  *Gonzales v. City of Albuquerque*, No. CIV 09–0520 JB/RLP,

18   2010 WL 4053947, at *7 (D.N.M. Aug. 21, 2010) (internal quotations omitted) (quoting *Rex v.

19   Owens*, 585 F.2d 432, 436 (10th Cir. 1978)).  To show numerosity, "the exact number of

20   potential members need not be shown, and a court may make common sense assumptions to

21   support a finding that joinder would be impracticable."  *Payne v. Tri-State CareFlight, LLC*, 332

22   F.R.D. 611, 658 (D.N.M. 2019) (internal quotations omitted).

23           The proposed class more than meets the Rule 23(a)(1) requirement that the class be "so

24   numerous that joinder of all members is impracticable."  The class here is too numerous,

25   consisting of over 1,500 members:  Otero houses approximately 798 individuals and El Paso

26   houses approximately 806 individuals.  *See Anderson Living Trust v. WPX Energy Prod., LLC*,

27   306 F.R.D. 312, 436 (D.N.M. 2015) (noting that the a "per se numerosity threshold seems to

exist somewhere south of the 150 proposed class members" (quoting *Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620 624 (5th Cir. 1999))). Given the number of individuals in the proposed class, joinder would be impracticable.  Accordingly, the numerosity requirement is satisfied.

2.     **Questions of Law and Fact are Common to All Members of the Proposed Class**.

Rule 23(a)(2) requires that "there are questions of law or fact common to the class."  Fed. R. Civ. P. 23(a)(2).  Even "factual differences in the claims of the individual putative class members should not result in a denial of class certification where common questions of law exist."  *Payne*, 332 F.R.D. at 654 (quoting *In re Intelcom Grp. Sec. Litig*., 169 F.R.D. 142, 148 (D. Colo. 1996) (Daniel, J.)).  The commonality requirement involves a showing "(i) that the common question is central to the validity of each claim that the proposed class brings; and (ii) that the common question is capable of a common answer."  *Id.* (citing *Wal-Mart v. Dukes*, 564 U.S. 338, 348-52 (2011)).  "Thus, the common question or questions cannot be 'incidental,' nor can the plaintiff submit a long list of 'incidental' questions or issues, and say that they predominate over the real issues."  *Id*. at 661.

The proposed class and its named representatives share factual and legal issues more than adequate to support findings of commonality.  The central question driving this case is whether Defendants' denial and restriction of telephone access to detained individuals in Otero and El Paso violate Plaintiffs' constitutional, statutory, and regulatory rights to access counsel.  The Defendants' failure to provide adequate telephone access affects all class members and Plaintiffs' injuries do not arise out of circumstances unique to each class member.  Further, all class members seek the same declaratory and injunctive relief.  This Court's determination of the legality of Defendant's actions and inactions on one or more of the grounds the class alleges will resolve all class members' claims in "one stroke."  *See Wal-Mart*, 564 U.S. at 350.

While Defendants may assert that the individual Named Plaintiffs' situations are different based on where they are currently in custody, or whether they have a claim for relief in

immigration court, the basis of liability is not dependent upon their individual circumstances, but instead on whether Defendants have provided Plaintiffs with telephone access that enables them to engage in meaningful conversations with, and to receive adequate representation from, their attorneys. This is the issue that predominates, and the differences that Defendants may assert would be incidental facts and thus irrelevant to this motion. *See Payne*, 332 F.R.D. at 661. Accordingly, the proposed class satisfies the commonality requirement of Rule 23(a)(2).

3. **The Named Plaintiffs' Claims are Typical of the Proposed Class They Seek to Represent**.

Rule 23(a)(3) requires that the named representative's claims or defenses be "typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "Typicality measures whether a sufficient nexus exists between the claims of the named representatives and those of the class at large." *Payne*, 332 F.R.D. at 661. "[D]iffering fact situations of class members do not defeat typicality . . . so long as the claims of the class representative and class members are based on the same legal or remedial theory." *Menocal v. GEO Grp., Inc.*, 882 F.3d 905, 914 (10th Cir. 2018) (quoting *Colo. Cross Disability Coal. v. Abercrombie & Fitch Co.*, 765 F.3d 1205, 1216 (10th Cir. 2014)). The Tenth Circuit "has said that the typicality requirement is satisfied if there are common questions of law or fact." *Payne*, 332 F.R.D. at 661 (citing *Gianzero v. Wal-Mart Stores Inc.*, No. CIV 09-00656 REB/BNB, 2010 WL 1258071, at *3 (D. Colo. Mar. 29, 2010) (Blackburn, J.) (collecting cases)). As such, a proposed class representative will not be considered "typical" if "the representative is subject to a unique defense that is likely to become a major focus of the litigation." *Id.* In such a case, the concern is that the representative will devote more time and effort to their unique defense as opposed to the common class issue. *Id.*

For reasons similar to those of commonality, typicality is satisfied. The Named Plaintiffs are members of the class, their injuries arise from the same course of conduct—Defendants' restrictions on telephone access to class members—and seek the same relief as the class. The same is true of the legal injury: the Named Plaintiffs' claims and the claims of all other class members concern whether Defendants' failure to provide detained immigrants telephone access

to their counsel is a violation of their statutory or constitutional rights.  Further, Named Plaintiffs do not have any particular claims or defenses that would distract from that of the overall class. *See Payne*, 332 F.R.D. at 661.  Accordingly, the Named Plaintiffs satisfy the typicality requirement.

> 4.    **Plaintiffs and Their Counsel Will Fairly and Adequately Protect the Interests of the Class**.

The final Rule 23(a) requirement is that "the representative parties will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4).  In evaluating this requirement, "[t]he Tenth Circuit has identified two questions relevant to the adequacy of representation inquiry:  (i) whether the named plaintiffs and their counsel have any conflicts with other proposed class members; and (ii) whether the named plaintiffs and their counsel will vigorously prosecute the action on the class' behalf."  *Daye v. Cmty. Fin. Serv. Ctrs.*, LLC, 313 F.R.D. 147, 164 (D.N.M 2016) (quoting *Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1187–88 (10th Cir.2002)).  "In considering this second question, the experience and competence of the attorney representing the class may inform the court's analysis."  *Id.* at 164 (citing *Lopez v. City of Santa Fe*, 206 F.R.D. 285, 289-90 (D.N.M. 2002)).

The Named Plaintiffs are adequate representatives of the Class because their interests in the vindication of the legal claims raised here are entirely aligned with the interests of the other Class Members, who each have the same basic statutory and constitutional claims.  *See* Gomez Carranza Decl. ¶ 20.  They are members of the Class, and their interests coincide with, and are not antagonistic to, those of the other Class Members.  *Id.*

There are no known conflicts of interest among class members.  *See* Gomez Carranza Decl. ¶ 21; Torres Jauregui Decl. ¶ 8.  The Named Plaintiffs and class members are suffering the same harms.  They assert the same legal claims, seek the same litigation outcomes, and would benefit from the same declaratory and injunctive relief requiring the Defendants to provide telephone access for communications with attorneys.  Moreover, the Named Plaintiffs are not seeking monetary relief, so no financial conflict can arise between the claims of the Named

Plaintiffs and those of other class members.  The Named Plaintiffs are committed to a class-wide resolution, and they will fairly and adequately protect the interests of the class.  *See* Gomez Carranza Decl. ¶ 20.  Further, counsel representing the Named Plaintiffs are experienced and competent and will represent the needs of the class.  *See Daye*, 313 F.R.D. at 164; *see also* Declaration of Paige Pavone ¶¶ 2-9 ("Pavone Decl.").  Accordingly, the Named Plaintiffs satisfy the adequacy of representation requirement.

B.      **The Proposed Class Satisfies the Requirements of Rule 23(b)(2)**.

Assuming the proposed class satisfies the requirements of Rule 23(a), Plaintiffs must also meet the requirements of Rule 23(b)(1), (2), or (3).  *DG ex rel. Stricklin v. Devaughn*, 594 F.3d 1188, 1199 (10th Cir. 2010).  Class certification under Rule 23(b)(2) is authorized where "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."  Where class members seek only injunctive relief, Rule 23(b)(2) requires that (1) the "defendants' actions or inactions are based on grounds generally applicable to all class members" and (2) the injunctive relief sought is "appropriate for the class as a whole."  *Access Now, Inc. v. PHC-Las Cruces, Inc.*, Civ. No. 09-1156 JCH/LAM, 2012 WL 13081445, at *5 (D.N.M. Feb. 10, 2012) (quoting *Shook v. Board of Cty. Comm'rs*, 543 F.3d 597, 612 (10th Cir. 2008)).  These requirements include "cohesiveness among class members with respect to their injuries."  *Id.*  To establish this cohesiveness, plaintiffs much show that the class is "sufficiently cohesive that any classwide injunctive relief satisfies Rule 65(d)'s requirement that every injunction state its terms specifically; and describe in reasonable detail the act or acts restrained or required."  *Id.* (internal quotations omitted) (quoting *Shook*, 543 F.3d at 612).  Plaintiffs must also show that the injuries are "sufficiently similar that they can be remedied in a single injunction without differentiating between class members."  *Id.* (internal quotations omitted).

The proposed class satisfies the requirements of Rule 23(b)(2) because Defendants do not provide telephone access for class members to contact and effectively communicate with their attorneys.  This harm is applicable to all class members.  Defendants' challenged practices are

not tailored to individual Plaintiffs, but apply to the population of immigrants in ICE custody who are, or will in the future be, subject to the Defendants' refusal to provide telephone access that satisfies Plaintiffs' constitutional, statutory, and regulatory rights to access counsel.  The relief is applicable to the class as a whole because the relief would remedy the issues that the class as a whole is experiencing.

As to the cohesiveness requirement, the injunctive relief requested would satisfy Rule 65(d).  *See Access Now, Inc.*, 2012 WL 13081445, at *7.  Here, the injunctive relief requested specifically seeks to remedy Defendants' violations of the class members' constitutional, statutory, and regulatory rights by ensuring that class members can communicate with their attorneys.  The injunctive relief specifically includes that Defendants provide free, confidential legal calls, and to make reasonable accommodations for non-legal calls for indigent class members.  Compl. at pages 28-29.  The injunctive relief would also include requiring Defendants to ensure the privacy of legal calls and no obstructive background noise.  *Id.* Further, the injunctive relief requested includes Defendants assisting class members in penetrating telephone voicemail tress for legal calls, leaving voicemails for legal calls, providing class members with adequate notice about the communication options available to them, and providing accommodations for non-English speaking class members, illiterate class members, and class members with disabilities.  *Id.*  These remedies provided by injunctive relief would rectify the harm committed by Defendants and ensure Plaintiffs' access to counsel.  Further to the cohesiveness requirement, the injury sustained by the class members is "sufficiently similar," because all of the class members are unable to effectively communicate with their attorneys or prospective attorneys.  *See Access Now, Inc.*, 2012 WL 13081445, at *7.  As such, the injunctive relief would remedy this injury.  Therefore, certification under Rule 23(b)(2) is appropriate.

**C.     The Court Should Designate Plaintiffs' Counsel as Class Counsel Pursuant to Rule 23(g)(1).**

The Court must appoint Class counsel, considering "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling

class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." These factors strongly support appointing Orrick, Herrington, & Sutcliffe LLP ("Orrick") as counsel. *See* Pavone Decl. ¶¶ 2-9.

Plaintiffs' counsel satisfies all four criteria. *Id.* As reflected in the complaint, Plaintiffs' counsel has already devoted substantial time investigating the factual and legal issues in this case and will continue do so throughout the pendency of the litigation. *See id.* ¶ 8. The class counsel is experienced in handling class actions and other complex litigation. *Id.* ¶¶ 2-5, 7. Counsel has already committed many hours to representing the Class and will continue to advocate to ensure Class Members have adequate access to counsel via the telephone. *See* ¶ 8.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court certify the proposed Class and appoint the undersigned counsel as counsel for the Class.

Dated:  May 18, 2020                    ORRICK, HERRINGTON, & SUTCLIFFE LLP

/s/ R. David Hosp

R. David Hosp
ORRICK, HERRINGTON & SUTCLIFFE, LLP
222 Berkeley St. Ste 2000
Boston, MA  02116
Telephone: (617) 880-1886
Facsimile: (617) 880-1801
Email: dhosp@orrick.com

Paige Pavone
ORRICK, HERRINGTON & SUTCLIFFE, LLP
51 West 52nd Street
New York, NY  10019
Telephone: (212) 506-3604
Facsimile: (212) 506-5151
Email: ppavone@orrick.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 18, 2020, a true and correct copy of the foregoing BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS COUNSEL was served with the Clerk of the Court by using the CM/ECF system, which provided an electronic notice and electronic link of the same to all attorneys of record through the Court's CM/ECF system.

Dated:  May 18, 2020                    By:     /s/ Paige Pavone