R. David Hosp
ORRICK, HERRINGTON & SUTCLIFFE, LLP
222 Berkeley St. Ste 2000
Boston, MA  02116
Telephone: (617) 880-1886
Facsimile: (617) 880-1801
Email: dhosp@orrick.com

Paige Pavone
ORRICK, HERRINGTON & SUTCLIFFE, LLP
51 West 52nd Street
New York, NY  10019
Telephone: (212) 506-3604
Facsimile: (212) 506-5151
Email: ppavone@orrick.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

| | |
|---|---|
| FRANKLIN GOMEZ CARRANZA AND RUBEN TORRES JAUREGUI,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, ET AL.,<br><br>Defendants. | Case No. 20-CV-424<br><br><br>**DECLARATION OF FRANKLIN GOMEZ CARRANZA IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** |

I, Franklin Gomez Carranza, declare as follows:

1. I make this declaration from my personal knowledge and, if called to testify to these facts, could and would do so competently.

2. I am 21-years-old and a native and citizen of Honduras.

3. I am currently detained in ICE custody at the Otero County Processing Center. I have been detained here since March 20, 2020.

4. Before ICE transferred me to Otero, I was detained in ICE custody at the El Paso Processing Center since approximately October 2019.

5. I believe that I am entitled to asylum because I fear persecution in Honduras for my sexuality.

6. Even since being detained in ICE custody, I have had difficulty communicating with my attorney because of limited access to telephones.

7. When I was detained in El Paso, my attorney visited me in person because the telephones were not a reliable means of communication. Because of the COVID-19 pandemic shutdowns, my attorney and I must communicate over the phone now.

8. When I attempted to prepare for my immigration court hearing with my attorney over the telephone, ICE detention officers have ordered me off the call before we were through preparing; ICE detention officers have not permitted me to call my attorney when we had scheduled calls; I have not been given a private place from which to make a confidential phone call to my attorney; and I have had to pay out-of-pocket for many of my legal calls.

9. In early March, my final hearing had been cancelled. My attorney informed me this was due to the docket management system, and that I would have a new hearing. However, on Tuesday, March 17, my attorney became aware that my case had not been movd, and I was still going to have my final hearing on March 25.

10. On March 20, I was transferred to the Otero County Processing Center, 5 days before my hearing in El Paso.

11. I have become aware that on March 18, March 19, and March 20, my attorney attempted to speak with me via telephone, and that all three attempts were ignored by ICE.

12. On March 23, I managed to make contact with my attorney, but the interview was cut off after roughly an hour, and the interview was not able to continue. By that time, my lawyer was no ;onger allowed into the facility without protective gear.

13. On March 24, the day before my trial, I was allowed to speak with my lawyer. However, this interview occurred roughly 40 minutes late, and after roughly 40 minutes into our scheduled 3 hour call, an ICE officer approached me and told me to hang up the phone. I thought it was about a parole request, but he only wanted to verify that I had been talking to my lawyer. I told him that I was, and asked permission to call him back. The ICE officer told me no. My final hearing was the next day. Instead, I had to go back to my barrack and call him from there, at my own expense. I have no money, and was only able to speak for another half hour before I could no longer continue the call.

14. On March 27, I was scheduled for another phone call with my lawyer to prepare me for a new setting on April 7, but the phone lines were down due to heavy winds.

15. I was scheduled for another call on March 30, but they did not let me call

16. I am unable to speak openly with my attorney about my asylum case because I will be overheard by ICE detention officers and other detained individuals.

17. Because of how difficult it has been to speak with my attorney over the phone and prepare my defense, I asked my attorney to reschedule my hearing. This has resulted in me being held in ICE custody longer than necessary.

18. I am worried that if I am unable to be given the opportunity to prepare a defense with my attorney over the telephone, I will not have a fair opportunity to defend myself, and a judge may deport me.

19. I am fighting for the opportunity to remain in the United States to avoid persecution in Honduras for my sexuality.  I need to be able to communicate with my attorney.

20. I would like to fight for the rights of all detained immigrants to have basic telephone access so that they can locate and communicate with lawyers.  I intend to vigorously pursue the claims that have been made in the lawsuit on behalf of others who are being denied the opportunity to make telephone calls necessary to defend themselves against deportation, and I will participate in this litigation as my counsel and I determine is appropriate.  I intend to remain involved with this case and represent the proposed class of detained individuals if I am released from custody.

21. I have never served as a class representative in any prior action.

22. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

23. For reasons due to the COVID-19 pandemic shutdown, I am executing this declaration on May 13, 2020 via my attorney.

*Michael Groves*

For Franklin Gomez Carranza