R. David Hosp
ORRICK, HERRINGTON & SUTCLIFFE, LLP
222 Berkeley St. Ste 2000
Boston, MA  02116
Telephone: (617) 880-1886
Facsimile: (617) 880-1801
Email: dhosp@orrick.com

René A. Kathawala
Paige Pavone
Lauren D. Allen
ORRICK, HERRINGTON & SUTCLIFFE, LLP
51 West 52nd Street
New York, NY  10019
Telephone: (212) 506-3604
Facsimile: (212) 506-5151
Email: ppavone@orrick.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

| | |
|---|---|
| FRANKLIN GOMEZ CARRANZA and RUBEN TORRES JAUREGUI,<br><br>Plaintiffs,<br><br>     v.<br><br>UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, et al.,<br><br>Defendants. | Case No. 20-CV-00424 (JAP) (KRS)<br><br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** |

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ................................................................................................. 1

II.     LEGAL STANDARD ......................................................................................... 2

III.    ARGUMENT ....................................................................................................... 3

    A.   Named Plaintiffs Have Standing to Bring this Action on Behalf of the
Proposed Class ......................................................................................... 3

        1.   *Plaintiffs meet the Article III standing requirements*................................ 3

        2.   *Defendants' narrow standing argument concedes that Named
Plaintiffs have standing, but impermissibly conflates standing with
class certification.* ................................................................. 6

        3.   *Defendants' standing arguments fail because they conflate claims
and allegations, continuing to improperly characterize a Rule 23
adequacy of representation argument as standing.* .................... 8

        4.   *Lewis v. Casey does not support Defendants' position.*............................ 9

    B.   8 U.S.C. § 1252(b)(9) is Not Applicable Here and Therefore the Court Has
Subject Matter Jurisdiction over Plaintiffs' Claims ............................... 10

        1.   *The Supreme Court has narrowly interpreted Section 1252(b)(9).* ......... 11

        2.   *Section 1252(b)(9) does not apply to Plaintiffs' claims because
they are collateral to the removal process.*................................. 13

        3.   *Section 1252(b)(9) does not apply to Plaintiffs' claims because
they are effectively unreviewable via a petition for review.* ................... 17

    C.   Plaintiffs Have a Right to a Full and Fair Hearing and Have Properly
Stated Their Fifth Amendment Due Process Claim............................... 19

        1.   *Plaintiffs have a statutory right to present evidence, which
naturally encompasses gathering evidence.* ............................. 19

        2.   *Plaintiffs need not allege prejudice to satisfy the elements of a
Fifth Amendment Due Process Claim, but have done so by alleging
prolonged detention.* ................................................................. 20

IV.     CONCLUSION...................................................................................................... 21

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abraham v. WPX Prod. Prods., LLC,*
  184 F. Supp. 3d 1150 (D.N.M. 2016) ...................................................................................8

*Aguilar v. U.S. Immigration and Customs Enf't,*
  510 F.3d 1 (1st Cir. 2007) ..............................................................................................15

*Alvarez v. Sessions,*
  338 F. Supp. 3d 1042 (N.D. Cal. 2018) ..........................................................................15

*Anaya Murcia v. Godfrey,*
  No. C19-587-JLR-BAT, 2019 WL 5597883 (W.D. Wash. Oct. 10, 2019) ...................15

*Arroyo v. U.S. Dep't of Homeland Sec.,*
  No. SACV19815JGBSHKX, 2019 WL 2912848 (C.D. Cal. June 20, 2019) .................17

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009) .........................................................................................................2

*Avilez v. Barr,*
  No. 19-CV-08296-CRD, 2020 WL 570987 (N.D. Cal. Feb. 5, 2020) ..........................15

*Badwan v. Gonzales,*
  494 F.3d 566 (6th Cir. 2007) .........................................................................................20

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2007) .........................................................................................................2

*Benjamin v. Fraser,*
  264 F.3d 175 (2d Cir. 2001) ......................................................................................5, 10

*Cancino-Castellar v. Nielsen,*
  338 F. Supp. 3d 1107 (S.D. Cal. 2018) .........................................................................14

*Clark v. United States,*
  234 F. Supp. 3d 1127 (D.N.M. 2014) ..............................................................................3

*Colo. Cross Disability Coal. v. Abercrombie & Fitch Co.,*
  765 F.3d 1205 (10th Cir. 2014) .......................................................................................6

*Cressman v. Thompson,*
  719 F.3d 1139 (10th Cir. 2013) .......................................................................................4

*DaimlerChrysler Corp. v. Cuno,*
  547 U.S. 332 (2006) .........................................................................................................8

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

*Dep't of Homeland Sec. v. Regents of the Univ. of California*,
    140 S. Ct. 1891 (2020).................................................................................10, 12

*Diop v. ICE/Homeland Sec.*,
    656 F.3d 221 (3d Cir. 2011)........................................................................5

*Donelson v. United States*,
    730 F. App'x 597 (10th Cir. 2018)............................................................6, 7

*E.O.H.C. v. Sec'y United States Dep't of Homeland Sec.*,
    950 F.3d 177 (3d Cir. 2020).............................................................14, 15, 18

*Elrod v. Burns*,
    427 U.S. 347 (1976)...................................................................................5

*Franco-Gonzales v. Holder*,
    767 F. Supp. 2d 1034 (C.D. Cal. 2010) ...................................................17, 18

*Gerstein v. Pugh*,
    420 U.S. 103 (1975)...................................................................................5

*J.E.F.M. v. Lynch*,
    837 F.3d 1026 (9th Cir. 2016) .......................................................11, 13, 15

*Jennings v. Rodriguez*,
    138 S. Ct. 830 (2018)........................................................................ *passim*

*Jones v. Hunt*,
    410 F.3d 1221 (10th Cir. 2005) .................................................................2

*Kikumura v. Hurley*,
    242 F.3d 950 (10th Cir. 2001) ..................................................................5

*Lewis v. Casey*,
    518 U.S. 343 (1996).............................................................................9, 10

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992)...................................................................................4

*Menocal v. GEO Grp., Inc.*,
    882 F.3d 905 (10th Cir. 2018) ..................................................................14

*Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*,
    363 F.3d 1072 (10th Cir. 2004) .................................................................3

*Mochama v. Zwetow*,
    No. CV 14-2121-KHV, 2017 WL 36363 (D. Kan. Jan. 3, 2017)............................15

*Morgan v. City of Rawlins*,
    792 F.2d 975 (10th Cir. 1986) ..................................................................................2

*Nicodemus v. Union Pac. Corp.*,
    318 F.3d 1231 (10th Cir. 2003) ................................................................................3

*Nielsen v. Preap*,
    139 S. Ct. 954 (2019)..........................................................................................10, 12

*Ochieng v. Mukasey*,
    520 F.3d 1110 (10th Cir. 2008) ..............................................................................13

*P.L. v. Immigration & Customs Enf't*,
    No. 1:19-CV-01336 (ALC), 2019 WL 2568648 (S.D.N.Y. June 21, 2019)............16

*R.R. v. Orozco*,
    No. CV 20-564 KG/GBW, 2020 WL 3542333 (D.N.M. June 30, 2020) ..........13, 14

*Radic v. Fullilove*,
    198 F. Supp. 162 (N.D. Cal. 1961) ..........................................................................20

*Ramirez v. United States Immigration & Customs Enforcement*,
    2020 U.S. Dist. LEXIS 115875 (D.D.C. July 2, 2020)...............................................5

*Rezaq v. Nalley*,
    2010 WL 5157317 (D. Colo. Aug. 17, 2010), *aff'd*, 677 F.3d 1001 (10th Cir.
    2012) ........................................................................................................................20

*Rivas Rosales v. Barr*,
    No. 20-CV-00888-EMC, 2020 WL 1505682 (N.D. Cal. Mar. 30, 2020)................16

*Rodriguez-Castillo v. Nielsen*,
    No. 5:18-cv-1317-ODW-MAA, 2018 WL 6131172 (C.D. Cal. June 21, 2018) ......17

*Ruiz v. McDonnell*,
    299 F.3d 1173 (10th Cir. 2002) .................................................................................3

*S. Poverty Law Ctr. v. U.S. Dep't of Homeland Sec.*,
    No. CV 18-760 (CKK), 2020 WL 3265533 (D.D.C. June 17, 2020) ................14, 18

*Torres v. United States Dep't of Homeland Sec.*,
    411 F. Supp. 3d 1036 (C.D. Cal. 2019) ........................................................ *passim*

*Torres-Chavez v. Holder*,
    567 F.3d 1096 (9th Cir. 2009) .................................................................................20

*U.S. v. Aguirre-Tello*,
    353 F.3d 1199 (10th Cir. 2004) ...............................................................................20

*Wheeler v. Unknown Named Agents of ICE*,
No. CV 16-6655 DOC (SS), 2016 WL 6126260 (C.D. Cal. Oct. 20, 2016) ...........................15

*Woerner v. Bd. of Educ. of Rio Rancho Pub. Sch.*,
No. 1:18-CV-1231-WJ-JFR, 2019 U.S. Dist. LEXIS 216793 (D.N.M. Dec. 16,
2019) ........................................................................................................................................3

*Xuyue Zhang v. Barr*,
2020 U.S. Dist. LEXIS 54424 (C.D. Cal. Mar. 27, 2020) ........................................................5

**Statutes**

8 U.S.C. § 1229a ...........................................................................................................16, 17

8 U.S.C. § 1252 .......................................................................................................... *passim*

Fed. R. Civ. P 12(b)(6) .........................................................................................................2

Fed. R. Civ. P 23 ............................................................................................................1, 6

## I.  INTRODUCTION

Defendants seek to dismiss Plaintiffs' claims by repackaging them as simply right-to-counsel claims in immigration court proceedings.  But Plaintiffs and the class they represent seek something far broader—telephone access to the outside world, a constitutional and statutory right that has become all the more urgent because of COVID-19, as in-person visitation has become impracticable and discouraged by U.S. Immigration and Customs Enforcement (ICE) for personal and public health reasons.[1]  But, due to Defendants' practices and a disregard for their own policies, telephone communication that is free, confidential, and of adequate duration has not been regularly available between legal representatives and detained individuals at the El Paso and Otero Service Processing Centers.  Defendants' actions have largely cut off Plaintiffs and putative class members from the outside world, impeding their ability to find an attorney, interfering with the attorney-client relationship in the limited circumstances that are possible, hampering their ability to gather evidence, limiting their ability to speak with family or friends to support their case, and making it nearly impossible to prepare their removal defense, seek bond, file for affirmative immigration benefits, file a habeas petition, or file a civil rights lawsuit.

Now, in opposition to Plaintiffs' request for telephonic access to counsel, Defendants ask this Court to depart from Supreme Court precedent and the holdings of numerous other circuits and make new law that would prevent this Court from hearing challenges to institution-wide immigration detention conditions.  Defendants attempt to recast Plaintiffs' claims as seeking review of their removal proceedings when their claims go far beyond that.  Defendants also ask

---

[1]    ICE Guidance on COVID-19: Visitation at Detention Facilities, https://www.ice.gov/coronavirus (last visited July 9, 2020) ("Non-contact legal visitation (e.g., Skype or teleconference) should be offered first to limit exposure to ICE detainees.").

this Court to dismiss this case on standing grounds, asserting that Plaintiffs' injuries do not represent the injuries of the entire class – an argument appropriate only under a Rule 23 analysis.

Contrary to Defendants' position, Plaintiffs have standing and this Court has subject matter jurisdiction over Plaintiffs' claims.  Plaintiffs meet the Article III standing requirements, which even Defendants concede.  Seeking instead to narrow the claims for which Plaintiffs have standing, Defendants improperly convert their standing argument to an adequacy-of-representation argument.  Moreover, this Court is not barred from hearing Plaintiffs' claims under 8 U.S.C. § 1252(b)(9), which the Supreme Court has narrowly interpreted.  Quite simply, the § 1252(b)(9) jurisdictional bar does not apply where claims, such as those brought here, address systemwide detention conditions that are collateral to the removal process and are effectively unreviewable through a petition for review.  Finally, Plaintiffs have properly stated a claim for deprivation of their statutory and constitutional rights to a full and fair hearing.  For the reasons that follow, we respectfully ask this Court to deny Defendants' motion and allow Plaintiffs to proceed in their efforts to secure telephonic access and to certify the proposed class.

## II.    LEGAL STANDARD

Dismissal is "a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice."  *Morgan v. City of Rawlins*, 792 F.2d 975, 978 (10th Cir. 1986).  To survive a motion to dismiss under Rule 12(b)(6), the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)).  In deciding whether the plaintiff has adequately stated a claim for relief, courts will view the totality of the circumstances as alleged in the complaint in the light most favorable to the plaintiff.  *Jones v. Hunt*, 410 F.3d 1221, 1229

(10th Cir. 2005).  "The key question is whether a plaintiff has nudged his or her claim across the line from conceivable to plausible."  *Woerner v. Bd. of Educ. of Rio Rancho Pub. Sch.*, No. 1:18-CV-1231-WJ-JFR, 2019 U.S. Dist. LEXIS 216793, at *10 (D.N.M. Dec. 16, 2019) (quoting *Twombly*, 550 U.S. at 570).

Federal courts must have a statutory basis for asserting subject matter jurisdiction.  *Nicodemus v. Union Pac. Corp.*, 318 F.3d 1231, 1235 (10th Cir. 2003).  In challenging subject matter jurisdiction, defendants may either facially attack the sufficiency of the complaint's allegations, or present evidence to challenge the factual basis upon which subject matter jurisdiction rests.  *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1074 (10th Cir. 2004).  On motions to dismiss for lack of subject matter jurisdiction that raise a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction, the Court considers the complaint's allegations to be true.  *Clark v. United States*, 234 F. Supp. 3d 1127, 1134 (D.N.M. 2014) (citing *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002)).

## III.   ARGUMENT

### A.   Named Plaintiffs Have Standing to Bring this Action on Behalf of the Proposed Class

1.   *Plaintiffs meet the Article III standing requirements*.

Defendants' failure to provide basic telephone access to Plaintiffs has interfered with Plaintiffs' ability to obtain and access counsel and has resulted in Plaintiffs' prolonged detention and inability to prepare for their immigration proceedings – a problem ICE can remedy with minimal effort.  *See, e.g.*, *Lyon v. ICE*, N.D. Cal. No. 3:13-cv-05878, Stipulated Settlement, ECF No. 280-1 (settling ICE telephone access case).

Standing has three elements:  (1) plaintiff must suffer an injury in fact that is actual or imminent; (2) the injury must be fairly traceable to the challenged action of the defendant; and

(3) it must be likely that the injury will be redressed by the relief requested. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).[2]  When evaluating a plaintiff's standing at the motion to dismiss stage, both the trial and reviewing courts must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party. *Cressman v. Thompson*, 719 F.3d 1139, 1144 (10th Cir. 2013).

Plaintiff Gomez Carranza alleges that Defendants' policies and practices have caused him great difficulty communicating with his counsel.  Complaint ("Compl."), Dkt. Entry No. 1, at ¶ 70.  *See also* Decl. of Gomez Carranza ¶ 17, Dkt. Entry No. 6.  Stripped of his right to access counsel, Plaintiff Gomez Carranza's detention was prolonged because he was unable to prepare his defense for his removal hearing, effectively forcing him to move to continue the hearing.  Compl. at ¶ 75.  Similarly, Plaintiff Torres Jauregui has sat in immigration detention far longer than necessary because Defendants' policies and procedures have caused him great difficulty communicating with his counsel.  Compl. at ¶ 78.  He has been prevented from preparing for his asylum hearing and therefore was forced to move to continue the hearing on multiple occasions.  Compl. at ¶ 81-82.  *See also* Decl. of Torres Jauregui at ¶ 4 ("Here on the inside, they don't make phone calls available for preparing my case.").  Injunctive relief that includes mandating that Defendants provide free confidential and private legal telephone access to Plaintiffs that is not unreasonably limited in duration will redress Plaintiffs' injuries.

Because Defendants have made it impossible for Named Plaintiffs to speak with their attorneys with the time and privacy necessary to prepare for their immigration hearings or other legal matters, they have been denied the right to access counsel, the right to a full and fair

---

[2]  Because Defendants do not cite the elements of standing, or address or dispute the "fairly traceable" or "redressability" prongs, Plaintiffs focus their analysis on "injury in fact." Nevertheless, it is clear that Plaintiffs' injuries would be redressed by the requested relief designed to remedy the telephone access problems at El Paso and Otero. *See* Compl. at 28-29.

hearing, and the right to petition the government, including to seek to terminate their removal

proceedings altogether.  Without access to counsel, a full and fair hearing, and the right to

petition the government, Named Plaintiffs have each personally suffered from constitutional

violations and prolonged detention.  The Supreme Court, the Tenth Circuit, and federal courts

nationwide routinely find that violations of constitutional rights alone constitute irreparable

injury.  *See Elrod v. Burns,* 427 U.S. 347, 373 (1976) ("The loss of First Amendment freedoms,

for even minimal periods of time, unquestionably constitutes irreparable injury."); *Kikumura v.*

*Hurley*, 242 F.3d 950, 963 (10th Cir. 2001) ("[W]hen an alleged constitutional right is involved,

most courts hold that no further showing of irreparable injury is necessary."); *Benjamin v.*

*Fraser*, 264 F.3d 175, 185 (2d Cir. 2001) ("[W]here the right at issue is provided directly by the

Constitution or federal law, a prisoner has standing to assert that right even if the denial of that

right has not produced an actual injury.").  And prolonged detention is alone an injury in fact

with long-term consequences.  *See Gerstein v. Pugh,* 420 U.S. 103, 114 (1975) (noting that

"consequences of prolonged detention" may be serious, including interruption of one's source of

income and impairment of one's family relationships); *Diop v. ICE/Homeland Sec*., 656 F.3d

221, 227 (3d Cir. 2011) (finding that prolonged immigration detention, caused in part by "a

combination of continuances to find a lawyer" "was certainly an injury in fact, caused by the

Government"); *Xuyue Zhang v. Barr,* 2020 U.S. Dist. LEXIS 54424, at *19 (C.D. Cal. Mar. 27,

2020) ("[T]he Court finds that each passing day Petitioner spends within the walls of

[immigration detention] is an irreparable injury: a day of freedom he cannot get back."); *Ramirez*

*v. United States Immigration & Customs Enforcement*, 2020 U.S. Dist. LEXIS 115875, *225

(D.D.C. July 2, 2020) ("Courts in this and other jurisdictions have found that deprivations of

physical liberty are the sort of actual and imminent injuries that constitute irreparable harm and

have likewise recognized that the major hardship posed by needless prolonged detention is a form of irreparable harm.").

> 2. *Defendants' narrow standing argument concedes that Named Plaintiffs have standing, but impermissibly conflates standing with class certification.*

Defendants raise a narrow argument on Named Plaintiffs' standing.  Defendants acknowledge that Named Plaintiffs have standing to bring this action on behalf of detained individuals who, due to Defendants' institution-wide policies, experience "difficulty with telephone communications with their counsel during their removal proceedings."  MTD at 2, 9 ("Because Named Plaintiffs personally allege only difficulty communicating with counsel to prepare for removal-related hearings, **they have standing to bring claims** based solely on those injuries.") (emphasis added).

Instead, Defendants assert that Named Plaintiffs lack standing to bring claims on behalf of class members who have characteristics that Named Plaintiffs do not share, including class members who speak rare languages, who are disabled, who are indigent,[3] and who have immigration proceedings other than removal proceedings.  This is not a standing argument, but an argument as to Named Plaintiffs' typicality and adequacy to represent the class, and, as such, is not appropriate to raise here.  *See Donelson v. United States*, 730 F. App'x 597, 602 (10th Cir. 2018) ("We have cautioned against conflating the independent doctrines of standing and adequacy of a class representative.")  *See also Colo. Cross Disability Coal. v. Abercrombie & Fitch Co.*, 765 F.3d 1205, 1213 (10th Cir. 2014) ("Although the concepts of standing and adequacy of status to maintain a class action appear related, they are independent criteria and must be evaluated separately.").

---

[3]      The Complaint alleges that Named Plaintiff Gomez Carranza is indigent.  *See* Compl. at ¶ 75.  *See also* Declaration of Franklin Gomez Carranza, Dkt. No. 6, at ¶ 13.

To illustrate the difference between standing and class certification, the Tenth Circuit has provided an example: "in assessing whether an injunction might apply to multiple locations of a single company, we do not require a named plaintiff to prove standing as to each location. Instead, the scope of relief for that single claim would turn on the application of Fed. R. Civ. P. 23." *Donelson*, 730 F. App'x. at 602. This example is particularly apt when reviewing Defendants' Motion to Dismiss ("MTD"). Defendants assert that Named Plaintiff Gomez Carranza lacks standing, in part, because he "does not allege any inability to access counsel or evidence while he was housed at El Paso prior to being transferred to Otero." MTD, Dkt. Entry No. 23, at 7. First of all, that is factually incorrect.[4] But as the Tenth Circuit made clear, the question of whether a Named Plaintiff has standing does not depend on an analysis of whether he has suffered an injury at each location alleged. *See Colo. Cross Disability Coal.*, 765 F.3d at 1212 (finding that named plaintiff had standing to bring an Americans with Disabilities Act claim for inaccessible Hollister storefronts nationwide, even though she had no intention to visit every store and only experienced an injury at a single storefront).

---

[4]     Contrary to Defendants' assertion, Named Plaintiff Gomez Carranza does allege an access to counsel injury while detained at El Paso. *See* Compl. at ¶ 70-71 ("Ever since being detained, Plaintiff Gomez Carranza has had great difficulty communicating with his counsel because of ICE's unconstitutional restrictions on his telephone access in El Paso and Otero…. At El Paso, Plaintiff Gomez Carranza faced limited access to telephones, including extremely poor connectivity issues.") *See also* Gomez Carranza Declaration, Dkt. No. 6 at ¶ 6-7 ("Ever since being detained in ICE custody, I have had difficulty communicating with my attorney because of limited access to telephones. When I was detained in El Paso, my attorney visited me in person because the telephones were not a reliable means of communication.").

3.  *Defendants' standing arguments fail because they conflate claims and allegations, continuing to improperly characterize a Rule 23 adequacy of representation argument as standing.*

A named plaintiff must possess standing as to each individual claim asserted in a complaint. *DaimlerChrysler Corp. v. Cuno,* 547 U.S. 332, 352 (2006). Defendants, however, appear to conflate claims and allegations. Named Plaintiffs Gomez Carranza and Torres Jauregui possess standing for each claim alleged here, even if they have not personally experienced every allegation in the complaint.

For example, the complaint alleges that Defendants' institution-wide policies and practices do not provide information on telephone access to Plaintiffs who speak rare languages. *See* Compl. at ¶ 7.j. This allegation does not render Named Plaintiffs, who speak Spanish, without standing to bring claims asserting violations of their constitutional and statutory rights to access counsel, to a full and fair hearing, and to petition the government. Additionally, Defendants highlight Plaintiffs' allegation that Defendants do not provide telephone access assistance to disabled class members, asserting there is no standing because Named Plaintiffs do not personally suffer from physical disabilities. MTD at 3. But Named Plaintiffs do not lack standing because their injuries stemming from Defendants' violations of their rights to access counsel, to a full and fair hearing, and to petition the government differ in the details from a disabled class member. "As long as the named Plaintiffs can demonstrate that they have standing to assert the claims they have alleged, whether the named Plaintiffs can represent certain proposed class members is better addressed at the class certification stage." *Abraham v. WPX Prod. Prods., LLC*, 184 F. Supp. 3d 1150, 1199 (D.N.M. 2016) (finding that named plaintiffs had standing to bring a lawsuit brought on behalf of owners of royalty and overriding royalty interests even though named plaintiffs were not royalty owners, but rather only

overriding royalty interest owners, because they needed only establish that at least one named plaintiff suffered the injury that gives rise to each claim).

### 4.      *Lewis v. Casey* does not support Defendants' position.

Defendants' reliance on *Lewis v. Casey*, 518 U.S. 343 (1996), is misplaced.  In *Lewis*, post-conviction plaintiffs alleged an injury in a subpar prison law library that would prevent them from bringing constitutional claims in the future.  The Court found that because there was no "freestanding right to a law library," plaintiffs had to "go one step further and demonstrate that the alleged shortcomings in the library … hindered his efforts to pursue a legal claim." *Id.* at 351.

Here, Plaintiffs do not assert that they have a standalone right to telephone access and that the mere subpar telephone infrastructure is the injury.  Rather, Plaintiffs allege that they have a right to access counsel, a right to a full and fair hearing, and a right to petition the government and that the subpar telephone infrastructure and Defendants' telephone access policies and practices have obstructed their constitutional rights.  For Named Plaintiffs, the telephone access at Otero and El Paso have resulted in concrete injuries, including an inability to communicate with counsel; an inability to prepare for their immigration hearings; and a resulting need to continually postpone their immigration hearings until such a time that their right to access counsel is not obstructed, leading to prolonged and unnecessary debilitating detention.

The *Lewis* Court analogized the plaintiff there to "a healthy inmate who had suffered no deprivation of needed medical treatment" claiming a "violation of his constitutional right to medical care." *Id.* at 350.  By no means are Named Plaintiffs "healthy inmates"—detained individuals with unfettered access to counsel attempting to bring a class action on behalf of detained individuals without adequate access to counsel.  Even Defendants acknowledge that

Named Plaintiffs allege "difficulty communicating with counsel" and thus "they have standing to bring claims" based on their injuries.  MTD at 2.  Based on Defendants' own concessions, *Lewis* is distinguishable.  *See also Benjamin v. Fraser,* 264 F.3d 175, 179, 185 (2d Cir. 2001) (distinguishing *Lewis* in a case brought by pretrial detained individuals challenging detention conditions affecting attorney visitation and law libraries, finding that plaintiffs did not need to establish an actual injury beyond the due process violation to have standing to assert a Sixth Amendment right to counsel claim).  Thus, Defendants' argument lacks merit.

## B.     8 U.S.C. § 1252(b)(9) is Not Applicable Here and Therefore the Court Has Subject Matter Jurisdiction over Plaintiffs' Claims

Defendants argue that the Court lacks subject matter jurisdiction based on a sweeping, unreasonable interpretation of the jurisdiction channeling provision at 8 U.S.C. § 1252(b)(9)— the breadth of which the Supreme Court has recently rejected.  *See Dep't of Homeland Sec. v. Regents of the Univ. of California*, 140 S. Ct. 1891, 1907 (2020); *Nielsen v. Preap*, 139 S. Ct. 954, 960, 962 (2019); *Jennings v. Rodriguez*, 138 S. Ct. 830, 840-41 (2018).  Section 1252(b)(9) removes jurisdiction from the district court of "all questions of law and fact . . . arising from any action taken or proceeding brought to remove an alien from the United States[.]"  8 U.S.C. § 1252(b)(9).  Defendants contort Plaintiffs' claims to fit into the § 1252(b)(9) jurisdiction-channeling box.  But Plaintiffs' claims are not about the right to counsel in removal proceedings alone; Plaintiffs challenge the conditions of their detention, which has resulted in little to no access to counsel, interfering with their statutory and constitutional rights.  The Supreme Court has rejected Defendants' sweeping view of § 1252(b)(9)'s jurisdictional bar, finding that § 1252(b)(9) cannot be used to strip jurisdiction over claims that are collateral to the immigration removal process, or to shield the government from violations of law that cannot be meaningfully reviewed on a petition for review from a final order of removal.  *Jennings*, 138 S. Ct. at 840-41.

Plaintiffs' claims, which arise from the unlawful conditions of their confinement, do not seek review of any aspect of their removal proceedings, and cannot be remedied through the administrative review process, do not fall within § 1252(b)(9)'s "zipper clause." *Id.* at 853.

        1.    *The Supreme Court has narrowly interpreted Section 1252(b)(9).*

Contrary to Defendants' arguments in this case, the Supreme Court has repeatedly rejected any broad interpretation of § 1252(b)(9) that would sweep in Plaintiffs' claims. In *Jennings*, the Supreme Court considered whether § 1252(b)(9) strips a district court of jurisdiction to hear a challenge to the government's practice of prolonged detention of a noncitizen for more than six months without an individualized bond hearing. 138 S. Ct. at 839. Justice Alito's plurality opinion in *Jennings* (joined in relevant part by Chief Justice Roberts and Justice Kennedy) pointed to two fundamental principles to evaluate whether an issue of law or fact is truly "arising from any action taken or proceeding brought to remove an alien from the United States." *Id.* at 839-40.

*First*, Justice Alito reasoned that legal questions that are "too remote" or collateral to the removal process do not fall within the scope of § 1252(b)(9). *Id.* at 840-41 & n.3; *see also id.* at 876 (J. Breyer, dissenting) (observing that § 1252(b)(9) "by its terms applies only '[w]ith respect to review of an order of removal under [§ 1252(a)(1)]'") (quoting 8 U.S.C. § 1252(b)); *J.E.F.M. v. Lynch*, 837 F.3d 1026, 1032 (9th Cir. 2016) (finding that § 1252(b)(9) does not apply to "claims that are independent of or collateral to the removal process"). Justice Alito observed that "uncritical literalism" in interpreting the phrase "arising from" could lead to "staggering results" that "no sensible person could have intended." *Jennings,* 138 S. Ct. at 840 (citations omitted). Among those claims Justice Alito viewed as too remote were those "based on allegedly inhumane conditions of confinement." *Id.* at 840.

While the Supreme Court in *Jennings* did not decide the precise contours of § 1252(b)(9), the Court identified the type of claims the immigrant Respondents were *not* presenting: "[R]espondents are not asking for review of an order of removal; they are not challenging the decision to detain them in the first place or to seek removal; and they are not even challenging any part of the process by which their removability will be determined." *Id.* at 841.  The Court reasoned that "under these circumstances, § 1252(b)(9) does not present a jurisdictional bar." *Id.* The same is true here.  Plaintiffs do not challenge a removal order (none exists), they do not challenge ICE's decision to detain them or its decision to institute removal proceedings, and they do not challenge the removal proceeding process itself.  Rather, they challenge their constitutional and statutory rights to communicate with the outside world while in detention. *See generally* Compl.

Since *Jennings*, the Supreme Court has twice affirmed that claims which do not challenge a removal order or removal proceedings are beyond the scope of § 1252(b)(9).  There can be no dispute that this is the case here.  Most recently, in *Regents of the University of California*, which addressed the legality of the Administration's rescission of wide-scale prosecutorial discretion, the Supreme Court confirmed that § 1252(b)(9) "'does not present a jurisdictional bar' where those bringing suit 'are not asking for review of an order of removal,' 'the decision . . . to seek removal,' or 'the process by which . . . removability will be determined.'" 140 S. Ct. at 1907 (citing *Jennings*, 138 St. Ct. at 841, 875-76); *see also Preap*, 139 S. Ct. at 962 (same).

*Second*, in *Jennings* Justice Alito reasoned that "arising from" should not be interpreted in a way that makes a claim "effectively unreviewable," *i.e.*, an interpretation that would "depriv[e] that detainee of any meaningful chance for judicial review." 138 S. Ct. at 840.  In particular, Justice Alito observed that where a claim involved prolonged detention, any review

tied to a final order of removal would not be "meaningful" because "[b]y the time a final order of removal was eventually entered, the allegedly excessive detention would have already taken place." *Id.* "Cramming" those claims into review of removal orders would be "absurd." *Id.* Accordingly, Plaintiffs' access to counsel claims while they prolongedly sit in detention are not subject to § 1252(b)(9)'s administrative exhaustion requirement. *See id.*

> 2.   *Section 1252(b)(9) does not apply to Plaintiffs' claims because they are collateral to the removal process.*

Consistent with Justice Alito's first point, it is well-established that claims which do not challenge a removal order or the removal process fall outside the scope of § 1252(b)(9). *See, e.g., J.E.F.M.*, 837 F.3d at 1032 (determining that "claims that are independent of or collateral to the removal process do not fall within the scope of § 1252(b)(9)"); *Ochieng v. Mukasey*, 520 F.3d 1110, 1115 (10th Cir. 2008) (holding § 1252(b)(9) no impediment to claim that "would not be seeking review of an order of removal, but review of [petitioner's] detention"); *R.R. v. Orozco*, No. CV 20-564 KG/GBW, 2020 WL 3542333, at **5-6 (D.N.M. June 30, 2020) (finding petitioner's detention challenge and claim to procedural protections under the Trafficking Victims Protection Reauthorization Act (TVRPA) beyond scope of § 1252(b)(9) because petitioner "d[id] not merely challenge his removal order").

In this case, Plaintiffs do not seek review of the decision to place them in removal proceedings or any aspect of those proceedings. *See generally* Compl.  Rather, Plaintiffs' claims arise from Defendants' policies and practices regarding telephone access in El Paso and Otero— a condition of confinement that unduly interferes with access to counsel and leads to prolonged detention.  Compl. at 1-4, ¶¶ 1-9; *see also id.* at 16, ¶¶ 56-58; *id.* at 20-21, ¶ 75; *id.* at 22-23, ¶ 82.  Further, the interference with counsel does not just threaten Plaintiffs' removal proceedings, but threatens Plaintiffs' legal rights in a variety of proceedings "in which

immigrants have statutory rights, for example *Joseph* hearings, as well non-immigration civil and criminal matters, completely apart from the removal process." *Torres v. United States Dep't of Homeland Sec.*, 411 F. Supp. 3d 1036, 1049 (C.D. Cal. 2019); *see also, e.g.*, *Menocal v. GEO Grp., Inc.*, 882 F.3d 905 (10th Cir.), *cert. denied*, 139 S. Ct. 143 (2018) (affirming class certification of detained immigrants' forced labor claims under the Trafficking Victims Protection Act (TVPA)); *R.R.*, 2020 WL 3542333, at *5-6 (granting, in part, preliminary injunction to 17-year-old petitioner challenging government's detention decision in violation of the TVRPA).  Plaintiffs seek only declaratory and injunction relief against Defendants that would ameliorate these unlawful conditions.  Compl. at 28-29.  Any relief awarded to Plaintiffs would have no impact on any removal order.  *See id.*  As such, Plaintiffs' claims are "too remote" to the removal process to require exhaustion under § 1252(b)(9).

Courts have repeatedly held that § 1252(b)(9) does not bar claims arising from institution-wide unlawful conditions of immigration detention and prolonged immigration detention.  *See, e.g., Jennings*, 138 S. Ct. at 840-41; *E.O.H.C. v. Sec'y United States Dep't of Homeland Sec.*, 950 F.3d 177, 185 (3d Cir. 2020) (stating that under *Jennings*, § 1252(b)(9) "does not bar challenges to *conditions* of confinement") (emphasis in original); *S. Poverty Law Ctr. v. U.S. Dep't of Homeland Sec.*, No. CV 18-760 (CKK), 2020 WL 3265533, at *16 (D.D.C. June 17, 2020) (finding no jurisdictional bar to substantive due process claim that punitive immigration detention conditions limited access to counsel, but declining to address statutory right to counsel claims); *Cancino-Castellar v. Nielsen*, 338 F. Supp. 3d 1107, 1116–17 (S.D. Cal. 2018) (due process claim that delay in appearing before immigration judge unlawfully prolonged detention not barred by § 1252(b)(9)).

Defendants are wrong to suggest that there is a bright line rule against bringing right to counsel and due process claims in district court, even when those claims arise from conditions of confinement and are collateral to any removal proceedings.  Defendants rely primarily on *J.E.F.M.*, but in that case plaintiffs sought appointment of counsel at government expense *in removal proceedings*.  837 F.3d at 1029–30.  Here, Plaintiffs' do not seek any procedural protections in removal proceedings—rather they seek injunctive relief to remedy conditions of their confinement.  Compl. at 28-29.  Notably, the *J.E.F.M.* plaintiffs did not challenge the conditions of their confinement because they were not detained.

*E.O.H.C.* is likewise of no help to Defendants where, there, the court found § 1252(b)(9) barred plaintiffs' statutory right to counsel claims that "had nothing to do with conditions of confinement," and allowed Plaintiffs' constitutional claims to go forward.  950 F.3d at 187-88.  In this case, Plaintiffs' claims have *everything* to do with conditions of confinement.  Similarly, in *Aguilar v. U.S. Immigration and Customs Enf't*, petitioners challenged their arrest and transfer away from counsel, but not unlawful conditions of confinement limiting attorney access.  510 F.3d 1, 13 (1st Cir. 2007) (noting "petitioners claim that their detention and subsequent transfer by the government infringed their rights to counsel").[5]

---

[5]      Defendants cite a handful of district court cases, but none support Defendants' position. *See* MTD at 12-14, 18.  Several cases are distinguishable because the claims do not arise from institution-wide conditions of confinement.  *See Avilez v. Barr*, No. 19-CV-08296-CRD, 2020 WL 570987, at *2-3 (N.D. Cal. Feb. 5, 2020) (challenging ICE decision to transfer individuals to facilities far from counsel); *Anaya Murcia v. Godfrey*, No. C19-587-JLR-BAT, 2019 WL 5597883, at *1 (W.D. Wash. Oct. 10, 2019), *report and recommendation adopted*, No. C19-587-JLR, 2019 WL 5589612 (W.D. Wash. Oct. 30, 2019) (noncitizen seeking return to United States following successful motion to reopen removal proceedings); *Alvarez v. Sessions*, 338 F. Supp. 3d 1042, 1044 (N.D. Cal. 2018) (challenging ICE decision to transfer individual to facility far from counsel); *Mochama v. Zwetow*, No. CV 14-2121-KHV, 2017 WL 36363, at *6 (D. Kan. Jan. 3, 2017) (alleging ICE officers failed to respond to noncitizen's request to speak to counsel); *Wheeler v. Unknown Named Agents of ICE*, No. CV 16-6655 DOC (SS), 2016 WL 6126260, at *3 (C.D. Cal. Oct. 20, 2016) (alleging fourteen day stay in solitary confinement while in

Much more relevant is *Torres v. U.S. Dep't of Homeland Sec.*, 411 F. Supp. 3d 1036, 1047-1049 (C.D. Cal. 2019), a case directly on point, in which the court found jurisdiction over right to counsel and due process claims of individuals in immigration detention to whom ICE denied adequate telephone access.  The *Torres* plaintiffs raised virtually identical challenges to ICE telephone access policies and practices in a detention center in California.  *Id.* at 1045 (alleging *inter alia* failure to comply with ICE's Performance-Based National Detention Standards, failure to provide free, confidential, and private legal calls, failure to allow calls of adequate duration and quality, and failure to charge reasonable rates for calls).  The court observed that, as here, "Plaintiffs take pains to tailor their claims only to the conditions of their removal-related detention, and do not challenge the legal sufficiency or any procedural aspect of their removal proceedings."  *Id.* at 1048.  In holding that § 1252(b)(9) did not bar the plaintiffs' right to counsel claims, the court found that plaintiffs' access to counsel claims caused a range of harms unconnected to removal proceedings, including the burden to the attorney-client relationship itself, as well harms in non-removal proceedings.  *Id.* at 1048-49.  The court concluded that the plaintiffs had asserted right to counsel and due process claims "arising solely from the conditions of their detention and assert[ed] rights that can be violated without reference to the effect on their underlying removal proceedings."  *Id.* at 1049.  Here too, Plaintiffs' claims

---

immigration detention violated individual's right to counsel).  Two sought a specific procedural protection in removal proceedings.  *See P.L. v. Immigration & Customs Enf't*, No. 1:19-CV-01336 (ALC), 2019 WL 2568648, at *3 (S.D.N.Y. June 21, 2019) (seeking to limit use of video teleconferencing in removal proceedings); *Rivas Rosales v. Barr*, No. 20-CV-00888-EMC, 2020 WL 1505682, at *1 (N.D. Cal. Mar. 30, 2020) (same). To the extent that any of these cases support a bright line rule that all access to counsel and procedural due process claims arising from conditions of immigration detention must be channeled through a petition for review, regardless of their connection to the removal process, they are contrary to Supreme Court precedent and carry no persuasive weight.  *See Jennings*, 138 S. Ct. at 840-41.

arise solely from the conditions of their detention and assert rights that can be vindicated without challenging their removal proceedings.  *See id.*

The holding in *Torres* is consistent with other decisions finding jurisdiction over access to counsel and due process claims that are unrelated to any challenge to removal proceedings. *See Arroyo v. U.S. Dep't of Homeland Sec.*, No. SACV19815JGBSHKX, 2019 WL 2912848, at *13 (C.D. Cal. June 20, 2019) (holding no jurisdictional bar where immigrants challenging their transfer away from counsel "assert harm that accrues by conduct imposing significant burden on the attorney-client relationship without looking to the effect of that burden on the underlying removal proceedings"); *Franco-Gonzales v. Holder*, 767 F. Supp. 2d 1034, 1045 (C.D. Cal. 2010) (finding § 1252(b)(9) did not bar claims of mentally incompetent individuals seeking appointed counsel in removal proceedings where the remedy would not provide relief in removal proceedings but instead only "relief that would help to ensure their meaningful participation in removal and/or custody proceedings" and where those claims could not be meaningfully raised in a petition for review); *cf. Rodriguez-Castillo v. Nielsen*, No. 5:18-cv-1317-ODW-MAA, 2018 WL 6131172 (C.D. Cal. June 21, 2018) (granting temporary restraining order requiring telephone access for jailed immigrants).  Plaintiffs' systemic claims arising from the conditions of their confinement are simply not the sort of claims that must be "cramm[ed]" into a petition for review.  *Jennings*, 138 S. Ct. at 840.

> **3.**     *Section 1252(b)(9) does not apply to Plaintiffs' claims because they are effectively unreviewable via a petition for review.*

The second principle recognized by the Supreme Court's analysis in *Jennings* is that § 1252(b)(9) should not strip jurisdiction from claims when it would deprive the individual of "any meaningful chance for judicial review."  138 S. Ct. at 840-41.  "In other words, [§ 1252(b)(9)] does not strip jurisdiction when aliens seek relief that courts cannot meaningfully provide

alongside review of a final order of removal. . . . [T]he point of the provision is to channel claims into a single petition for review, not to bar claims that do not fit within that process." *E.O.H.C.*, 950 F.3d at 186.  In particular, the Supreme Court noted that a petition for review of a final order of removal is not an effective means for reviewing detention that predates entry of a final order of removal because "by the time a final order of removal was eventually entered, the allegedly [unlawful] detention would have already taken place." 138 S. Ct. at 840.

In this case, Plaintiffs suffer prolonged detention because they are unable to access counsel or prepare for hearings due to Defendants' restrictions on telephone access.  Compl. at 4, ¶ 9; *id.* at 16, ¶ 57; *id.* at 18, ¶¶ 65-67; *id.* at 20-21, ¶ 75; *id.* at 22, ¶¶ 81-82. Waiting until a removal order enters—if one ever does—will not remedy the harm Plaintiffs continue to suffer unnecessarily languishing in immigration detention because of inadequate telephone access. Moreover, Plaintiffs cannot receive "meaningful review" of their claims through removal proceedings because an immigration judge is "powerless to remedy the conditions alleged." *Torres*, 411 F. Supp. 3d at 1049 (citing 8 C.F.R. §§ 1240.1, 1240.31, 1240.41); *see* Executive Office of Immigration Review, *Immigration Court Practice Manual*, § 9.1(b) (July 2, 2020) ("Immigration Judges have no jurisdiction over . . . the conditions in the detention facility."). Section 1252(b)(9) is a jurisdiction channeling provision, not a jurisdiction stripping provision, and therefore must not be read to deny meaningful review of Plaintiffs' claims.  *See Torres*, 411 F. Supp. 3d at 1049; *S. Poverty Law Ctr.*, 2020 WL 3265533, at *16 (finding § 1252(b)(9) inapplicable to conditions of confinement claim in part because it would leave plaintiffs without any remedy); *Franco-Gonzales*, 767 F. Supp. 2d at 1045 (mentally incompetent noncitizen's claims seeking appointed counsel not subject to exhaustion requirement where "they are unable to meaningfully participate in their respective immigration proceedings").  For these reasons,

Plaintiffs claims should not be channeled to the court of appeals but should be heard now before this Court.

**C.   Plaintiffs Have a Right to a Full and Fair Hearing and Have Properly Stated Their Fifth Amendment Due Process Claim**

  1.   *Plaintiffs have a statutory right to present evidence, which naturally encompasses gathering evidence.*

Defendants assert that Plaintiffs' Second Claim for Relief (Right to Full and Fair Hearings), based in part on Plaintiffs' statutory right to gather and present evidence under 8 U.S.C. § 1229a(b)(4)(B), should be dismissed because, while "this provision does provide an alien the right 'to present evidence on the alien's own behalf,' it does not mention any right to gather evidence in advance of the hearing."  MTD at 18 (emphasis in original).  Defendants' argument is unsupported.

First, Defendants do not explain why the entire claim would need to be dismissed because Plaintiffs characterize their right to "present evidence" as a right to "gather and present evidence."

Second, a right to a "reasonable opportunity" to present evidence is meaningless if it does not include the right to compile or organize that evidence.  If the meaning of § 1229a(b)(4)(B) were as narrow as Defendants suggest, then "presenting evidence" could only mean testifying on one's own behalf because the detained individual would have no opportunity to obtain evidence from outside of the detention facility.  Yet, the language of the statute is "evidence," not "testimony," even though elsewhere in the statute it distinguishes between testimony and evidence.  *See* 8 U.S.C. § 1229a(b)(4)(C) (requiring that a complete record of "all testimony **and** evidence produced at the proceeding" be kept) (emphasis added).  The statute's use of this specific language would be rendered superfluous and thus render's Defendants' argument as meritless.

Third, courts have made clear that the right to present evidence goes hand in hand with the right "to be heard" and "to press [one's] case fully." *Torres-Chavez v. Holder*, 567 F.3d 1096, 1102 (9th Cir. 2009).  *See also Radic v. Fullilove*, 198 F. Supp. 162, 165 (N.D. Cal. 1961) ("Under our form of Government, the right to a hearing embraces not only the right to present evidence in support of one's position, but also a reasonable opportunity to know the claims of the opposing party with the privilege of seeking to refute those claims.")  In *Badwan v. Gonzales*, 494 F.3d 566, 567 (6th Cir. 2007), the Sixth Circuit found that an immigration judge abused his discretion in denying petitioner's unopposed motion for a continuance to obtain evidence.  The court found that petitioner should have been permitted to obtain a proper translation of a document, essentially equating "presenting evidence" with obtaining evidence.

2.    *Plaintiffs need not allege prejudice to satisfy the elements of a Fifth Amendment Due Process Claim, but have done so by alleging prolonged detention.*

Defendants assert that "[t]o prevail on their Fifth Amendment full-and-fair hearing claim, Named Plaintiffs must show prejudice."  MTD at 19.   But, to state a Due Process claim, Plaintiffs must satisfy just two elements:  a protected liberty interest and denial of an appropriate level of process.  *Rezaq v. Nalley*, 2010 WL 5157317, at *4 (D. Colo. Aug. 17, 2010), *aff'd*, 677 F.3d 1001 (10th Cir. 2012).  In support of their position, Defendants cite *U.S. v. Aguirre-Tello*, 353 F.3d 1199, 1204 (10th Cir. 2004), which held that "when a previous deportation order is attacked" on a petition for review, a petitioner must demonstrate prejudice in order to show that a deportation proceeding was fundamentally unfair.  The court adopted the "reasonable likelihood" of a different outcome standard, rather than the stricter "would have obtained" a different outcome standard.  *Id*. at 1209.  Here, Plaintiffs are not attacking any removal order, and thus, *Aguirre-Tello* is inapposite.  Still, as explained further in Section IV(A)(i), *supra,* Plaintiffs have

been prejudiced by the prolonged detention resulting from the effective deprivation of the hearings.

## IV.     CONCLUSION

For the reasons stated above, Plaintiffs respectfully request this Court to deny Defendants' Motion to Dismiss.


Respectfully Submitted,

Dated:  July 20, 2020                    ORRICK, HERRINGTON, & SUTCLIFFE LLP

                                                  /s/ R. David Hosp

                                                  R. David Hosp
                                                  ORRICK, HERRINGTON & SUTCLIFFE, LLP
                                                  222 Berkeley St. Ste 2000
                                                  Boston, MA  02116
                                                  Telephone: (617) 880-1886
                                                  Facsimile: (617) 880-1801
                                                  Email: **dhosp@orrick.com**


                                                  René A. Kathawala
                                                  Paige Pavone
                                                  Lauren D. Allen
                                                  ORRICK, HERRINGTON & SUTCLIFFE, LLP
                                                  51 West 52nd Street
                                                  New York, NY  10019
                                                  Telephone: (212) 506-3604
                                                  Facsimile: (212) 506-5151
                                                  Email: **ppavone@orrick.com**


                                                  *Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 20th day of July, 2020, Plaintiffs filed through the United States District Court CM/ECF System the foregoing document, causing it to be served by electronic means on all counsel of record.

/s/ R. David Hosp
R. David Hosp
*Attorney for Plaintiffs*